The STATE of Texas, Appellant,

v.

Donna Lynn MAY, Appellee.

No. 04–04–00639–CR.

Court of Appeals of Texas, San Antonio.

Aug. 22, 2007.

Kevin P. Yeary, Asst. Crim. Dist. Atty., San Antonio, for appellant.

Terrance McDonald, San Antonio, for appellee.

Sitting: CATHERINE STONE, Justice REBECCA SIMMONS, Justice STEVEN C. HILBIG, Justice.

## MEMORANDUM OPINION

Opinion by CATHERINE STONE, Justice.

This case is on remand from the Court of Criminal Appeals. *See State v. May,* No. PD–1490–05, 2006 WL 2615253 (Tex. Crim.App.2006) (not designated for publication). The issue we must resolve on remand is whether the trial court abused its discretion by granting Donna Lynn May's motion to suppress. The facts of this case are well-known to the parties so we do not recite them in any detail. Further, because the issue raised in this appeal involves the application of well-settled principles of law, we issue this memorandum opinion under Texas Rule of Appellate Procedure 47.4. We reverse and remand for further proceedings.

In accordance with *State v. Cullen,* 195 S.W.3d 696, 699 (Tex.Crim.App.2006), the trial court entered findings of fact and conclusions of law in support of its suppression ruling. The court's findings of fact recap the testimony of the arresting officers regarding May's driving on the morning of her arrest. The court's findings reflect that officers heard the

screeching of tires and then observed May's vehicle leave the roadway, travel on the sidewalk, and then strike another motorist. Although the trial court's findings reflect the court believed that May "had a moderate odor of intoxicants on her breath" at the time of her accident, the court disbelieved other evidence presented at the suppression hearing relating to May's appearance after the accident, which included testimony that she had slurred speech and was unsteady on her feet, and her poor performance on the horizontal gaze nystagmus test. According to the trial court, it was not compelled to believe all of the witness testimony offered by the State due to the tone and demeanor of the witnesses. The trial court's conclusion of law thus provides: "The Court finds that the only credible evidence is that the tires squealed, there was an accident and the defendant had the smell of alcohol on her breath. Much of the evidence presented by the [S]tate lacked credibility. Therefore, there was no probable cause to arrest the defendant for driving while intoxicated."

Although the trial court disbelieved some of the testimony it heard at the suppression hearing, it did believe that officers witnessed May strike another vehicle after she drove her vehicle off of the roadway and onto a sidewalk. The court also believed that May smelled of alcohol at the time of her accident. Based on existing precedent from this court and the Court of Criminal Appeals, such facts and circumstances, when viewed together, are sufficient to establish probable cause to arrest an individual for DWI. *See Pesina v. State*, 676 S.W.2d 122, 127 (Tex.Crim. App.1984) (recognizing that officer had probable cause to arrest defendant where the defendant was involved in a collision with another vehicle and had a strong odor of alcohol on his breath); *State v. Cullen*, 227 S.W.3d 278, 283 (Tex.App.-San Antonio

2007, pet. ref'd) (holding probable cause existed to arrest defendant for DWI where officers witnessed defendant crash his vehicle into a telephone pole after attempting to negotiate a turn at a high rate of speed and defendant smelled of alcohol at the time of his accident); *see also Knisley v. State*, 81 S.W.3d 478, 483–84 (Tex.App.-Dallas 2002, pet. ref'd) (holding probable cause to arrest defendant for DWI where officer knew the defendant was involved in a single vehicle accident, was unable to answer simple questions, and smelled of alcohol); *Broadnax v. State*, 995 S.W.2d 900, 904 (Tex.App.-Austin 1999, no pet.) (holding probable cause to arrest defendant for DWI where officer knew the defendant crashed his vehicle trying to pass a truck and officer smelled alcohol on defendant's breath after the accident); *Mitchell v. State*, 821 S.W.2d 420, 424–25 (Tex.App.-Austin 1991, pet. ref'd) (holding probable cause to arrest defendant for DWI where arresting officer learned from fellow officer that the defendant had been involved in a serious single vehicle accident and smelled of alcohol). We therefore hold that the trial court abused its discretion by granting May's motion to suppress.

The trial court's suppression order is reversed and the cause is remanded for further proceedings.

Dissenting opinion by STEVEN C. HILBIG, Justice.

STEVEN C. HILBIG, Justice, dissenting.

Because the majority misconstrues the trial court's findings of fact, thus leading it to the wrong result, I dissent.

## FACTUAL AND PROCEDURAL BACKGROUND

May was arrested for and charged with the offense of driving while intoxicated

after officers from the San Antonio Police Department witnessed an accident involving two vehicles. She filed a motion to suppress that was granted by the trial court. On appeal, this court affirmed the trial court's ruling. *State v. May*, No. 04–04–00639–CR, 2005 WL 1629825 (Tex. App.-San Antonio Jul.13, 2005)(mem.op.)(not designated for publication), No. PD–1490–05, 2006 WL 2615253 (Tex.Crim.App. Sep.13, 2006)(not designated for publication). The State filed a petition for discretionary review asserting the trial court erred in failing to file findings of fact and conclusions of law. The court of criminal appeals agreed and remanded the matter to this court. *May*, 2006 WL 2615253, at *1. Upon our subsequent order, the trial court made findings of fact and conclusions of law and filed them with this court. Based on those findings and conclusion, the majority now reverses our prior decision and finds the trial court erred in granting the motion to suppress.

The salient facts relating to May's arrest are set forth in the court's original opinion:

> Officer Gary Albrecht was following Officer Jose Limon, Jr. to a call when he heard tires squealing. Officer Albrecht observed a car swerve off the roadway onto a curb and then back onto the roadway where it struck another vehicle. Officer Albrecht identified May as the driver of the car. Officer Albrecht observed both vehicles pull into a restaurant after the collision. May was very angry and was verbally abusive to the other driver. The officers ordered May to stand back away from the other driver, and May complied. Officer Albrecht was unaware of whether the other driver had forced May's vehicle off of the roadway.
>
> Officer Albrecht noted that May had a moderate odor of intoxicants on her breath, and she was very talkative. Officer Albrecht did not observe that May had any problem with her balance or that her speech was slurred. After May was transported to the police station, her intoxilyzer test results were .196 and .197.
>
> Officer Limon observed May's car swerve to the right, hit a curb, and then swing and hit the other car. Officer Limon saw May exit her car and start yelling at the other driver. The officers separated May and the other driver. Officer Limon started conducting field sobriety tests on May. Officer Limon stated that Officer Albrecht made the decision to conduct the tests. Officer Albrecht told Officer Limon that the basis for conducting the tests was that May was unsteady on her feet and had an odor of intoxicants on her breath. Officer Limon also noticed the odor of intoxicants and characterized the odor as strong. Officer Limon testified that May hopped once and put her foot down three times on the one-leg stand test, did not touch heel to toe on the walk-and-turn test on four occasions, and had a one to two inch sway on the Rhomberg test. In addition, Officer Limon noted that May exhibited all six clues in the HGN test. Officer Limon also noted that during the field sobriety tests, May slurred her speech and was unsteady on her feet. May admitted to Officer Limon that she had "a little bit" to drink. During cross-examination, Officer Limon admitted that he did not notice May being unsteady prior to conducting the field sobriety tests.

*May*, 2005 WL 1629825, at *1.

## TRIAL COURT'S FINDINGS OF FACT AND CONCLUSION OF LAW

The trial court made sixteen numbered "findings." Those findings are:

1. At the time[ ] this Court heard this matter there was no specific requirement for findings of fact and *Cullen* had not been decided.

2. There was very little independent recollection by the officers of any of the facts and they were heavily dependent on the report to fill in the questions asked. Demeanor, tone, and searching for answers were noted by the Court.

3. The Defendant was traveling westbound on Gilbeau Road.

4. Officers patrolling heard the screeching of tires.

5. Officers observed the Defendant's vehicle leave the roadway and travel on the sidewalk and then, hit a vehicle.

6. The officers could not say that the Defendant was not cut off in traffic by another vehicle.

7. Officers could not say what caused the Defendant to leave the roadway and then return.

8. Officer Albrecht did not observe slurred speech in Donna Lynn May, Defendant.

9. The testimony of the officers regarding the defendant is conflicting regarding her characteristics. Additionally, the officers' testimony was inconsistent.

10. The defendant had a moderate order [sic] of intoxicants on her breath, but was cooperative and very talkative.

11. The officers noticed nothing wrong with her balance.

12. After separating the Defendant from the area, the HGN test was conducted on the Defendant and six clues were observed.

13. The officers could not recall who had handcuffed the defendant.

14. The breath test was not given until after the determination of probable cause and the arrest had taken place.

15. The credibility of the State's version of the evidence is lacking and was resolved in favor of the accused citizen. The demeanor and tone contributed much to the conclusion.

16. This appeared to be justifying actions taken.

The trial court also made additional findings as follows:

The Court finds that the only credible evidence is that the tires squealed, there was an accident and the defendant had the smell of alcohol on her breath. Much of the evidence presented by the state lacked credibility.[1]

The trial court then concluded "there was no probable cause to arrest the defendant for driving while intoxicated."

## ANALYSIS

### Interpretation of Findings of Fact

At first blush, the trial court's findings seem to be contradictory. The trial court appears to have made certain findings—the occurrence of an accident, the manner in which the accident occurred, six clues were observed during the HGN test,[2] mod-

---

1. These findings do not appear in the court's numbered findings of fact. They are, however, clearly findings of fact rather than conclusions of law. Because findings of fact and conclusions of law have only recently been applied to motions to suppress (other than confessions), we look to the civil law for guidance. A trial court's designation of a finding of fact as a conclusion of law is not controlling on the reviewing court. *Clay v. Mercado,*

224 S.W.3d 277, 283 n. 1 (Tex.App.-El Paso 2005, no pet.) (citing *Ray v. Farmers State Bank of Hart,* 576 S.W.2d 607, 608 n. 1 (Tex. 1979)). The reviewing court may treat a conclusion of law as a finding of fact when appropriate. *Id.*

2. Such results are an indication of the person's intoxication. *See Compton v. State,* 120

erate odor of alcohol on May's breath— that would seem to support a finding of probable cause. By making these findings, the trial court inferentially found the testimony credible. The court also appears to have made certain findings that would lead to an opposite conclusion—lack of slurred speech, nothing "wrong" with defendant's balance. Additionally, the trial court made "findings" that may more properly be cast as statements of credibility choices—witnesses could not remember facts and relied upon their reports, "demeanor, tone and searching for answers were noted by the Court," conflicting and inconsistent testimony by the witnesses, "justifying" of actions taken, and failure to remember certain events.[3] The court concluded there was no probable cause, asserting the State's "version of the evidence" lacked credibility and the only credible evidence was squealing from the tires, the accident, and odor of alcohol. Because the court did not mention the earlier-referenced findings—manner of accident and HGN—the court must have ultimately found such evidence not to be credible. If the trial court found as fact May squealed her tires, drove off the road-

way, flunked the HGN test, and had a moderate odor of alcohol on her breath, the finding of no probable cause would seem to be an abuse of discretion.[4] Yet despite these "findings," the court concluded there was no probable cause. A fair reading of the findings and conclusion leads me to believe the trial court was setting forth testimony in the numbered "findings" and then explaining why it did not find that testimony credible.[5]

### Majority's Analysis

The majority misconstrues the trial court's findings by relying on testimony the trial court found not credible. The majority concludes the trial court found credible the State's version regarding how the accident occurred—that May "drove her vehicle off the roadway and onto a sidewalk." I disagree. As noted above, the trial court expressly found the only "credible evidence" to be "that the tires squealed, there was an accident and the defendant had the smell of alcohol on her breath."[6] Knowledge of the manner in which the accident occurred is important to the probable cause determination in driving while intoxicated cases. "Bad

S.W.3d 375, 377–78 (Tex.App.-Texarkana 2003, pet. ref'd).

3. The court also "found" the officers could not explain what caused May's vehicle to leave the roadway or if May was "cut off" by another vehicle. May's trial counsel apparently raised that scenario through questioning at the motion to suppress. However, as I explained in my concurrence in State v. Cullen, the trial court errs in the probable cause analysis when it attempts to determine the better or best explanation for the defendant's physical characteristics or conduct. State v. Cullen, 227 S.W.3d 278, 284 (Tex.App.-San Antonio Mar.28, 2007, pet. ref'd) (Hilbig, J., concurring).

4. The State does not attack the court's findings as not supported by the evidence.

5. If this was the trial court's intent, it should have preceded each statement with the phrase "the officer testified" and then stated why it did not find such testimony credible. As written, the trial court appears to make findings of historical fact, thereby creating the conflict noted above.

6. This interpretation of the court's findings is bolstered by its other "findings" that the "credibility of the State's version of the evidence is lacking" and "[m]uch of the evidence presented by the state lacked credibility." However, such global statements generally do not aid our review of the trial court's decision because the trial court does not specify the evidence it found not to be credible. For example, as written, the findings do not address the credibility of the testimony regarding the results of the HGN test except inferentially.

driving" may be the manifestation of the loss of the normal use of one's mental or physical faculties. An accident may indicate failure to control one's vehicle (loss of physical faculties) or the result of impaired judgment (loss of mental faculties). But, because the court did not find credible the officers' testimony as to how the accident occurred, the bare fact that an accident happened adds nothing to the probable cause determination because we cannot speculate if "bad driving" or impaired judgment contributed to the accident. If the manner in which the accident occurred is left aside, as I believe it must be, the remaining "credible evidence" is insufficient to establish probable cause.

Although the majority cites two cases and parenthetically asserts probable cause was founded on the fact an accident occurred and smell of alcohol existed, my review of each case demonstrates the appellate courts relied on more than those two facts in finding probable cause.

The majority first cites to *Pesina v. State*, 676 S.W.2d 122 (Tex.Crim.App. 1984). In addition to accident and smell of alcohol, among the facts recited by the court of criminal appeals in finding probable cause was the testimony of the arresting officer that Pesina had been driving on the wrong side of the road at the time of the accident. *Id.* at 123. Thus the court also had and relied upon information as to how the accident occurred and could rightly infer that the defendant had lost the normal use of his physical or mental faculties if he was driving on the wrong side of the road. *See id.*

*Mitchell v. State*, 821 S.W.2d 420 (Tex. App.-Austin 1991, pet. ref'd), is the other case cited by the majority. Once again, the facts utilized by the court to find probable cause were more that mere accident and smell of alcohol:

On the afternoon of September 17, 1989, appellant lost control of his auto-mobile while driving at a speed of approximately 80 miles-per-hour. The vehicle left the road, struck an elevated concrete drainage culvert, became airborne, flipped over, returned to the ground, flew into the air once again, and finally came to rest against a fence.

*Id.* at 422. It is clear the appellate court relied on facts (speeding and failure to control vehicle) other than smell of alcohol and accident. *See id.*

### State's Arguments

In its brief, the State argues that several of the trial court's findings are conclusory and are thus insufficient to allow this court to conduct a meaningful review as envisioned by *Cullen*. The State suggests we "should not rely on them." The court of criminal appeals in *Cullen* instructs otherwise. *Cullen* first holds it is error for a trial court to refuse to make findings of fact and conclusions of law when requested to do so by a party. *Cullen*, 195 S.W.3d at 699. The court of criminal appeals then looked to the Texas Rules of Civil Procedure as a guide for the timing of the filing of such request and the trial court's response. *Id.* at 699–700. While the court did not specifically engraft the remaining rules of civil procedure concerning findings and conclusions, I believe it is logical to do so when a challenge is made to the sufficiency of the findings. If the State was dissatisfied with the trial court's findings and conclusions, it was incumbent upon the State to submit to the court a request for additional or amended findings or conclusions. *See* Tex.R. Civ. P. 298. Because the State did not request such additional or amended findings, it waived its right to complain on appeal. *See McDuffie v. Blassingame*, 883 S.W.2d 329, 337 (Tex. App.-Amarillo 1994, writ denied).

However, even if we accept the State's argument that the trial court's findings are insufficient to allow review, the State still cannot prevail. If the findings are of no

value and the burden was on the State to request findings and ensure they were sufficient for its purposes, then we are in the same position as if the court made no findings of fact. In that event, we apply pre-*Cullen* law and presume the trial court made all findings in support of its ruling. *State v. Ross*, 32 S.W.3d 853 (Tex.Crim. App.2000). If we engage in this presumption as mandated by *Ross*, the trial court's decision to grant the motion to suppress would be sustained as in our original opinion. *See May*, 2005 WL 1629825, at *1.

### CONCLUSION

When the trial court's findings of fact are properly construed, the only facts found credible by the court were the tires squealed, May had the smell of alcohol on her breath, and an accident occurred (without any fact finding as to how the accident occurred or other "bad driving facts"). Because these facts alone are insufficient to establish probable cause to arrest for driving while intoxicated, I would affirm the trial court's order finding no probable cause. I therefore dissent from the majority's decision.