**Mark TURNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–06–00678–CR.**

Court of Appeals of Texas,
San Antonio.

April 2, 2008.

---

Terrance McDonald, San Antonio, TX, for appellant.

Enrico B. Valdez, Assistant Criminal District Attorney, Keri Miller, Law Student, Appeals Section, Cadena–Reeves Justice Center, San Antonio, TX, for appellee.

Sitting: KAREN ANGELINI, Justice, REBECCA SIMMONS, Justice, STEVEN C. HILBIG, Justice.

## OPINION

Opinion by STEVEN C. HILBIG, Justice.

Mark Turner was arrested for possession of marijuana during a traffic stop and was later charged with third degree felony possession of marijuana. Turner filed a motion to suppress alleging the police acted without lawful authority during the initial stop and subsequent search of his vehicle. After a hearing, the trial court denied the motion to suppress and signed findings of fact and conclusions of law. Turner subsequently entered a plea of guilty pursuant to a plea bargain and the trial court rendered judgment in accordance with the agreement. Turner appeals complaining the trial court erred in denying his motion to suppress. We affirm.

### FACTUAL BACKGROUND

The trial court heard the testimony of three police officers during the suppression hearing. The court's findings of fact provide the appropriate background to discuss Turner's appellate complaints:

Detective Chris Rocha[2] of the San Antonio Police Department's Narcotics Unit received information from a confidential informant that the Defendant, Mark Turner, conducts narcotics transactions from his business located in Bexar County at 9111 Timberpath, San Antonio, Texas. The informant also indicated the Defendant would be delivering seven pounds of marihuana from his place of business on March 17, 2005. On this date the Defendant and a co-defendant, Kevin Mendoza, exited the business and walked toward a white Mustang. Mendoza entered the passenger side of the vehicle and was carrying a black backpack. The Defendant entered the driver side of the vehicle and the two drove away. Shortly after Detective Rocha began following in an unmarked car, the Defendant

2. The court reporter's record and the State's exhibits supporting Turner's guilty plea reflect the detective's name is "Locha." However, we will use the name as it appears in the trial court's findings.

failed to signal a right hand turn from Tezel Road. Detective Rocha directed S.A.P.D. Officers O. Davila and C. Kerawalla to initiate a stop of the vehicle based on the traffic violation. Detective Rocha testified that although the lane the Defendant turned from widens as it approaches the intersection, it is not exclusively used for right turns, but one where a vehicle could also choose to continue straight through the intersection. As such, it was not a designated right turn lane only lane, and therefore, the Defendant was required by law to use a signal when making the turn. Ultimately, Turner's car was in a portion of the roadway for right turns only, but he made no signal before driving there. Officers Davila and Kerawalla also testified that the lane was not a designated right turn only lane. Upon approach of the vehicle, Officer Davila requested identification from the Defendant while Officer Kerawalla approached Mendoza on the passenger side. Mendoza was seated with the backpack on the floorboard between his legs. Initially, Mendoza said the backpack was his, but it did not have his identification in it. Kerawalla verbally obtained Mendoza's name and after verifying outstanding municipal warrants, Mendoza was removed from the vehicle, placed into custody, and the backpack was searched. Kerawalla testified that he was looking for Mendoza's i.d., but prior to the search, he could smell the odor of marihuana coming from the inside of the vehicle. Ultimately, the backpack was found to contain approximately four ounces of marihuana, and when questioned, Mendoza denied ownership. Officer Kerawalla asked the Defendant if the vehicle was his or if he had rental papers. The Defendant and passenger were placed under arrest and a search of the

vehicle's trunk incident to arrest revealed approximately seven pounds of marihuana.

The trial court concluded the police had both reasonable suspicion to detain Turner and probable cause to arrest him. The court also concluded that "all evidence gathered by the police as a result of the detention and arrest of the Defendant was proper."

Turner argues in three points of error that the trial court erred in concluding the traffic stop and the search of his trunk were lawful. He does not expressly challenge any of the trial court's findings of fact.

## STANDARD OF REVIEW

We review the trial court's ruling on a motion to suppress under an abuse of discretion standard. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex.Crim.App.2006). We view the record in the light most favorable to the trial court's ruling and will reverse only if the ruling is outside the zone of reasonable disagreement. *Id.* We give almost total deference to the trial court's determination of historical facts, especially those based on an evaluation of the witnesses' credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim. App.1997). We review *de novo* the trial court's application of the law of search and seizure to those facts. *Wiede v. State*, 214 S.W.3d 17, 25 (Tex.Crim.App.2007). We will sustain the trial court's ruling "if it is reasonably supported by the record and is correct on any theory of law applicable to the case." *Dixon*, 206 S.W.3d at 590.

## DISCUSSION

### *Designated Turn Lane*

In his first point of error, Turner contends the trial court erred in concluding Turner committed a traffic violation.

Citing *Dixon*, Turner argues the stop of his vehicle was without lawful authority because he was traveling in a portion of a roadway "for a right turn only" and was not required by law to signal his intent to turn right. *See* 206 S.W.3d at 590–91. We disagree that *Dixon* stands for the legal proposition asserted by Turner. However, we need not decide that question because the trial court found Turner was not traveling in a designated right turn lane. The court found the right-hand lane in which Turner was traveling widens as it nears the intersection to permit a vehicle to either continue forward or turn right and concluded such a lane is not a "designated turn lane." The trial court further found that even if the small portion of the roadway from which only a right turn may be made could be considered a "designated turn lane," Turner was required to signal to indicate his intention to move into that portion of the roadway or "lane." The record supports the trial court's findings that Turner did not signal an intent to change lanes or to turn right as required by section 545.104 of the Texas Transportation Code. *See* TEX. TRANSP. CODE ANN. § 545.104 (Vernon 1999). The violation of section 545.104 authorized the officers to stop Turner and arrest him without a warrant. *See id.* § 543.001; *Atwater v. City of Lago Vista*, 532 U.S. 318, 354, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001); *State v. Gray*, 158 S.W.3d 465, 467–70 (Tex.Crim. App.2005). Turner's first point of error is overruled.

### Failure to Timely Initiate Traffic Stop

Turner next contends the traffic stop was unreasonable because it "occurred over two miles from the alleged traffic violation." We disagree.

The trial court did not expressly find the amount of time that elapsed between Detective Rocha's observation of the traffic violation and the patrol officers' stop of the vehicle. The record does not indicate Turner requested any additional or supplemental findings. *See State v. May*, 242 S.W.3d 61, 66 (Tex.App.-San Antonio 2007, no pet.) (Hilbig, J., dissenting); TEX.R. CIV. P. 298. Accordingly, we assume the trial court made the findings of fact necessary to support its ruling as long as the implied findings are supported by the record. *State v. Ross*, 32 S.W.3d 853, 855 (Tex.Crim.App.2000).

■ The trial court heard testimony that "maybe" "a couple of minutes" passed between the traffic violation and the stop and that the vehicles traveled one to two miles during that time. The court also heard testimony that after Detective Rocha saw the violation, he continued following Turner, but called for patrol officers to initiate the traffic stop. Unstated but implied in the record is that Detective Rocha was in an unmarked vehicle and wanted uniformed officers in a patrol car to conduct the traffic stop. The only reasonable inference from the evidence is that the delay was the result of Detective Rocha's request for a patrol car.

■ A traffic stop "must be effected within a reasonable time and reasonable distance after the alleged violation." *Dixon*, 206 S.W.3d at 592. Turner, citing *Corbin v. State*, 85 S.W.3d 272 (Tex.Crim. App.2002), appears to contend that a stop made more than one mile from where the traffic violation occurred is unreasonable as a matter of law. We disagree that *Corbin* mandates such a holding. In *Corbin*, the State asserted the stop was reasonable pursuant to the police community care-taking function. *Corbin*, 85 S.W.3d at 276. In holding the trial court erred in denying a motion to suppress, the court of criminal appeals concluded the police officer's claim that he stopped a vehicle out of concern for the driver's safety was not

supported by the record. *Id.* at 278. Although the court noted the officer followed the vehicle for one mile before initiating the traffic stop, it did not hold a delay of that distance rendered the officer's actions unreasonable. Rather, the court reasoned that the fact the officer saw no other traffic violation or ·erratic driving while following the vehicle for a mile belied the reasonableness of his conclusion that the driver may have been sick or otherwise in distress. *Id.* Neither the holding nor the reasoning in *Corbin* have any application in this case.

Here, the trial court concluded the officers' detention and arrest of Turner was reasonable and "proper." In so holding, the trial court implicitly found any delay in stopping Turner after the traffic violation was not unreasonable. Because the implicit finding is supported by the record, we overrule Turner's second point of error.

### *Probable Cause to Search Vehicle*

In his final point of error, Turner contends the marihuana found in the trunk should have been suppressed because there was no probable cause to search the trunk of the vehicle. Once again, we disagree.

■■■■ "[A] warrantless search of a vehicle is reasonable if law enforcement officials have probable cause to believe that the vehicle contains contraband." *Wiede,* 214 S.W.3d at 24. Probable cause exists "where the facts and circumstances within the knowledge of the officer on the scene and of which he has reasonably trustworthy information would lead a man of reasonable caution and prudence to believe that he will find the instrumentality of a crime or evidence pertaining to a crime." *Reed v. State,* 522 S.W.2d 916, 917 (Tex.Crim.App.1975). The probable cause determination is based on a totality of the circumstances. *Illinois v. Gates,* 462 U.S.

213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Delgado v. State,* 718 S.W.2d 718, 723 (Tex. Crim.App.1986).

■■■■ Among the facts and circumstances known to Detective Rocha was the information he received from a confidential informant. However, because the State did not present any evidence as to the informant's reliability, we will treat his information as coming from an anonymous tipster. An anonymous tip standing alone will rarely supply police with reasonable suspicion, much less probable cause. *See Florida v. J.L.,* 529 U.S. 266, 270, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000). However, such a tip coupled with observations by police may ultimately present reasonable suspicion and probable cause. *See, e.g., Alabama v. White,* 496 U.S. 325, 329–31, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990); *Bilyeu v. State,* 136 S.W.3d 691, 695 (Tex. App.-Texarkana 2004, no pet.); *Stewart v. State,* 22 S.W.3d 646, 648 (Tex.App.-Austin 2000, pet. ref'd).

The trial court's findings of fact supporting a determination that probable cause existed include: (1) the information Detective Rocha received that Turner conducted "narcotics transactions" from his business and would be "delivering seven pounds of marihuana;" (2) Turner and Mendoza entered the vehicle together; (3) although Mendoza initially claimed ownership of the backpack in which four ounces of marihuana was found, he subsequently denied ownership of the marihuana; and (4) Officer Kerawalla smelled the odor of marihuana inside the vehicle prior to the discovery of the marihuana in the backpack. Because these findings are supported by the record, we give them great deference.

Viewing the objective facts and circumstances in their totality, we hold the trial court did not abuse its discretion in concluding the officers had probable cause to

search the trunk. The police had information that Turner conducted drug transactions from his business and would be transporting seven pounds of marihuana. They initiated surveillance at the business location and observed Turner and Mendoza enter the vehicle. Once the vehicle was lawfully stopped for the traffic violation, the police smelled the odor of marihuana inside the vehicle. A search of the backpack revealed some marihuana but less than the seven pounds predicted by the informant. Under a totality of the circumstances, there was probable cause to search the trunk. *See Osban v. State,* 726 S.W.2d 107, 110–12 (Tex.Crim.App.1986), *overruled on other grounds, Heitman v. State,* 815 S.W.2d 681 (Tex.Crim.App. 1991); *Gant v. State,* 116 S.W.3d 124, 135 (Tex.App.-Tyler, 2003, pet.ref'd); *Levine v. State,* 794 S.W.2d 451, 453–54 (Tex.App.-Amarillo 1990, pet. ref'd); *see also Parker v. State,* 206 S.W.3d 593, 597–601 (Tex. Crim.App.2006).

The trial court did not abuse its discretion in denying the motion to suppress. The judgment of the trial court is affirmed.