COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
 MARTIN HERRERA,
  
                            
 Appellant,
  
 v.
  
  
 THE STATE OF TEXAS,
  
                            
 Appellee.
 
 
  
   '
     
   '
     
   '
     
   '
     
   '
     
  '
 
  
 
 
  
  
                   No. 08-10-00171-CR
  
 Appeal from the
  
 120th District
 Court 
  
 of El
 Paso County, Texas 
  
 (TC# 20100D00881) 
  
 
 


 

                                                                  O
P I N I O N

Martin Herrera, Appellant, appeals the trial
court’s denial of his motion to suppress. 
Finding no error, we affirm.

                                                               BACKGROUND








During a suppression hearing, El Paso Police
Department Officer Christina Quinonez testified that she had responded to the
scene of a four-vehicle accident on Interstate 10 in which Appellant was
involved.  She observed Appellant to have
a very unsteady balance, bloodshot eyes, slow and slurred speech, and a very
strong odor of alcohol emitting from his breath and person.  Due to the hazardous interstate highway
traffic, Appellant agreed to be transported to the safety of the police station
where the accident investigation resumed.[1]

At the police station, Appellant consented
to standardized field sobriety testing. 
Officer Quinonez explained that she had been a police officer for three
years and one month at the time of the hearing, and had been trained and
certified to administer the standardized field sobriety tests while at the
police academy.  Officer Quinonez testified
that she had administered the tests on many occasions, but acknowledged that
she had not been recertified.  Although Officer
Quinonez had attempted to record the tests with her patrol vehicle’s video
camera, she later learned that the camera did not make any recording of Appellant’s
test performance.

Officer Quinonez testified that upon
administering the standardized field sobriety tests, Appellant displayed four of
the six horizontal gaze nystagmus clues, five of the eight walk-and-turn test
clues, and all four of the one-legged stand clues.  Officer Quinonez concluded that Appellant had
failed all three standardized field sobriety tests, informed Appellant that he
was under arrest for driving while intoxicated, and advised him of his
rights.  Appellant then consented to
provide a breath sample for testing.  When
Officer Quinonez asked Appellant if he had any questions or anything to say,
Appellant stated that he had “just had about three or four beers” at a friend’s
party and did not believe he was intoxicated. 
Officer Quinonez again advised Appellant that he was under arrest.  Although another officer administered
Appellant’s breath test, Officer Quinonez testified that she was aware that Appellant’s
test results were “a .10 and a .9 [sic].” 

The trial court did not file findings of
fact or conclusions of law but noted at the suppression hearing that because
many of the issues raised “go to the weight” of the evidence, they were proper
for cross-examination or possibly for the jury’s consideration at trial.  The court also noted that a failure of police
to follow usual procedures did not necessarily give rise to legal concerns.  Stating that it found the prosecutor to be
persuasive, the trial court denied Appellant’s motion to suppress.  Pursuant to a plea agreement, Appellant subsequently
pleaded guilty to driving while intoxicated, a third-degree felony, and was
sentenced to two years’ confinement.

DISCUSSION

In his sole issue, Appellant contends that
no probable cause existed to arrest him because Officer Quinonez was not
certified to conduct the standardized field sobriety tests and because Appellant’s
performance of those tests was not recorded. 
We disagree.

Standard of Review

We review a trial court’s ruling on a motion
to suppress evidence under a bifurcated standard.  St. George v. State, 237 S.W.3d 720,
725 (Tex. Crim. App. 2007); Amador v.
State, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007).  We do not engage in our own factual review as
the trial judge is the sole trier of fact and judge of credibility of the
witnesses and the weight to be given to their testimony.  Amador v. State, 275 S.W.3d 872, 878
(Tex. Crim. App. 2009); Wiede v. State,
214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007). 
Rather, we give almost total deference to a trial court’s determination
of historical facts, particularly when the trial court’s findings are based on
an evaluation of credibility and demeanor. 
St. George, 237 S.W.3d at 725; Guzman v. State, 955 S.W.2d
85, 89 (Tex. Crim. App. 1997).  The same deference
is afforded a trial court’s rulings on application-of-law-to-fact
questions.  Guzman, 955 S.W.2d at 89.  However,
we review de novo the application of legal principles to a specific set
of facts, including the trial court’s determination of reasonable suspicion and
probable cause.  State v.
Garcia-Cantu, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008); Guzman,
955 S.W.2d at 87.  When, as in this case,
the trial court has not made specific findings of fact, we must view the
evidence in the light most favorable to the trial court’s ruling.  State
v. Iduarte, 268 S.W.3d 544, 548 (Tex. Crim. App. 2008); Neal v. State, 256 S.W.3d 264, 281 (Tex.
Crim. App. 2008); State v. Kelly, 204
S.W.3d 808, 818 (Tex. Crim. App. 2006); Torres
v. State, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005).  When the record is silent on the reasons for
the trial court’s ruling on a motion to suppress or when the trial court makes
no explicit fact findings and neither party has timely requested findings and
conclusions from the trial court, we imply the necessary fact findings that
would support the trial court’s ruling if the evidence, viewed in the light
most favorable to the trial court’s ruling, supports these implied fact
findings.  Kelly, 204 S.W.3d at 818–19. 
A court’s ruling regarding a motion to suppress will be upheld if the
decision made was based on any correct theory of law applicable to the case.  State v.
Ross, 32 S.W.3d 853, 856 (Tex. Crim.
App. 2000).

Probable Cause

Probable cause for a warrantless arrest
exists if, at the moment the arrest is made, the facts and circumstances within
the arresting officer’s knowledge and of which he has reasonably trustworthy
information are sufficient to warrant a prudent man as believing that the
person arrested had committed or was committing an offense.  Beck v.
Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964); see Parker v. State, 206 S.W.3d 593, 596
(Tex. Crim. App. 2006).  “An offense is
deemed to have occurred within the presence or view of an officer when any of
his senses afford him an awareness of its occurrence.”  State
v. Steelman, 93 S.W.3d 102, 107 (Tex. Crim. App. 2002).  The test for probable cause is an objective
one, unrelated to the subjective beliefs of the arresting officer, and it
requires a consideration of the totality of the circumstances facing the
arresting officer.  Maryland v. Pringle, 540 U.S. 366, 371, 124 S.Ct. 795, 800, 157
L.Ed.2d 769 (2003); Beck, 379 U.S. at
96-97, 85 S.Ct. at 228; Amador, 275 S.W.3d
at 878.  A finding of probable cause
requires “more than bare suspicion” but “less than . . . would justify . . .
conviction.”  Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310,
93 L.Ed. 1879 (1949).

Appellant specifically complains that
probable cause to arrest him was lacking both because Officer Quinonez was not certified
on the date she administered the standardized field sobriety tests to Appellant
as required by Emerson v. State, 880
S.W.2d 759, 769 (Tex. Crim. App. 1994) and Section 221.9 of the Texas
Administrative Code, and because his performance of those tests was not recorded
by the patrol car’s video camera.[2]  37 Tex.
Admin. Code § 221.9 (2007) repealed
by 36 Tex. Reg. 3935 (June
24, 2011) effective July 14, 2011, (proposed
36 Tex. Reg. 1959 (March 25,
2011)).

The trial court, by denying Appellant’s
motion to suppress, chose to accept Officer Quinonez’ testimony as true and
resolve any inconsistencies in the evidence in favor of Officer Quinonez.  This, the trial court was entitled to do.  See Ross,
32 S.W.3d at 855; Graham v. State, 201 S.W.3d 323, 330 (Tex. App. B Houston [14th Dist.] 2006,
pet. ref=d); Hawkins
v. State, 853 S.W.2d 598, 600 (Tex. App. B
Amarillo 1993, no pet.).  Officer
Quinonez’ testimony during the suppression hearing showed that, before conducting
any field sobriety test, she was both aware that Appellant had been involved in
a multi-vehicle collision on an interstate highway and had observed Appellant
to have unsteady balance, bloodshot eyes, slurred and slow speech, and a very
strong odor of alcohol emanating from his breath and person.  Appellant informed Officer Quinonez that he
had consumed three or four beers, and Officer Quionez testified that
Appellant’s breath-alcohol results were above .08.

The offense of public intoxication occurs
when a person appears in a public place while intoxicated and is so intoxicated
that he or she might endanger himself or another.  Tex.
Penal Code Ann. § 49.02(a) (West
2011).  A person commits an offense if
the person is intoxicated while operating a motor vehicle in a public
place.  Tex.
Penal Code Ann. § 49.04(a) (West
2011).  Intoxication is defined as:  (1) not having the normal use of mental or
physical faculties by reason of the introduction of alcohol, a controlled
substance, a drug, a dangerous drug, a combination of two or more of those
substances, or any other substance into the body, or (2) having an alcohol
concentration of 0.08 or more.  Tex. Penal Code Ann. § 49.01(2)(A), (B)
(West 2011).  Evidence of intoxication
may include: (1) slurred speech; (2) bloodshot eyes; (3) the odor of alcohol on
the person; (4) the odor of alcohol on the breath; (5) unsteady balance; or (6)
a staggered gait.  See Cotton v. State, 686 S.W.2d 140, 143 n.3 (Tex. Crim. App.
1985).

Based upon long-existing precedent, we
believe the facts and circumstances here, when viewed together, were sufficient
to establish probable cause to arrest Appellant without an arrest warrant for public
intoxication or driving while intoxicated or both.  Tex.
Penal Code Ann. § 49.02(a) (West
2011); see Pesina v. State, 676
S.W.2d 122, 127 (Tex. Crim. App. 1984) (recognizing that officer had probable
cause to arrest defendant where the defendant was involved in a collision with
another vehicle and had a strong odor of alcohol on his breath); Knisley v. State, 81 S.W.3d 478,
483–84 (Tex. App. -- Dallas 2002, pet. ref’d) (holding probable cause existed
to arrest defendant for DWI where officer knew the defendant was involved in an
accident, was unable to answer simple questions, and smelled of alcohol); Broadnax v. State, 995 S.W.2d 900, 904
(Tex. App. -- Austin 1999, no pet.) (holding probable cause existed to arrest
defendant for DWI where officer knew the defendant had crashed his vehicle while
trying to pass a truck, and officer smelled alcohol on defendant’s breath after
the accident); Mitchell v. State, 821
S.W.2d 420, 424–25 (Tex. App. -- Austin 1991, pet. ref’d) (holding probable
cause existed to arrest defendant for DWI where arresting officer learned from
fellow officer that the defendant had been involved in a serious single vehicle
accident and smelled of alcohol).

Because probable cause existed to arrest
Appellant for driving while intoxicated, we do not find Appellant’s complaints to
be meritorious.  Appellant’s issue on
appeal is overruled.

CONCLUSION

Having overruled Appellant’s sole issue, we
affirm the trial court’s judgment.

 

 

 

                                                                        GUADALUPE
RIVERA, Justice

 

November 21, 2011

 

Before McClure, C.J., Rivera, J., and Antcliff, J.

 

(Do Not Publish)











[1]  Before being transported without handcuffs to
the police station, Appellant was advised to refrain from making any statements
while being transported, and was advised that he was not under arrest.





[2]
 Section 221.9 of the Texas
Administrative Code, which has been repealed, provided for the issuance of a
standardized field sobriety testing practitioner certificate to qualified
applicants.  37 Tex. Admin. Code § 221.9 (2007) repealed by 36 Tex. Reg.
3935 (June 24, 2011) effective July
14, 2011 (proposed 36 Tex. Reg.
1959 (March 25, 2011). The repeal was enacted to remove “a certificate that did
not relate to a licensee’s training to conduct Standardized Field Sobriety
Tests as [such] instruction . . . is included in the Basic Peace Officer
Course.”  See 36 Tex. Reg.
3935.