COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MARTIN HERRERA, | § | No. 08-10-00171-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | |
| | § | 120th District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20100D00881) |

**O P I N I O N**

Martin Herrera, Appellant, appeals the trial court's denial of his motion to suppress. Finding no error, we affirm.

**BACKGROUND**

During a suppression hearing, El Paso Police Department Officer Christina Quinonez testified that she had responded to the scene of a four-vehicle accident on Interstate 10 in which Appellant was involved. She observed Appellant to have a very unsteady balance, bloodshot eyes, slow and slurred speech, and a very strong odor of alcohol emitting from his breath and person. Due to the hazardous interstate highway traffic, Appellant agreed to be transported to the

safety of the police station where the accident investigation resumed.[1]

At the police station, Appellant consented to standardized field sobriety testing. Officer Quinonez explained that she had been a police officer for three years and one month at the time of the hearing, and had been trained and certified to administer the standardized field sobriety tests while at the police academy. Officer Quinonez testified that she had administered the tests on many occasions, but acknowledged that she had not been recertified. Although Officer Quinonez had attempted to record the tests with her patrol vehicle's video camera, she later learned that the camera did not make any recording of Appellant's test performance.

Officer Quinonez testified that upon administering the standardized field sobriety tests, Appellant displayed four of the six horizontal gaze nystagmus clues, five of the eight walk-and-turn test clues, and all four of the one-legged stand clues. Officer Quinonez concluded that Appellant had failed all three standardized field sobriety tests, informed Appellant that he was under arrest for driving while intoxicated, and advised him of his rights. Appellant then consented to provide a breath sample for testing. When Officer Quinonez asked Appellant if he had any questions or anything to say, Appellant stated that he had "just had about three or four beers" at a friend's party and did not believe he was intoxicated. Officer Quinonez again advised Appellant that he was under arrest. Although another officer administered Appellant's breath test, Officer Quinonez testified that she was aware that Appellant's test results were "a .10 and a .9 [sic]."

The trial court did not file findings of fact or conclusions of law but noted at the suppression hearing that because many of the issues raised "go to the weight" of the evidence, they

---

[1] Before being transported without handcuffs to the police station, Appellant was advised to refrain from making any statements while being transported, and was advised that he was not under arrest.

were proper for cross-examination or possibly for the jury's consideration at trial. The court also noted that a failure of police to follow usual procedures did not necessarily give rise to legal concerns. Stating that it found the prosecutor to be persuasive, the trial court denied Appellant's motion to suppress. Pursuant to a plea agreement, Appellant subsequently pleaded guilty to driving while intoxicated, a third-degree felony, and was sentenced to two years' confinement.

## DISCUSSION

In his sole issue, Appellant contends that no probable cause existed to arrest him because Officer Quinonez was not certified to conduct the standardized field sobriety tests and because Appellant's performance of those tests was not recorded. We disagree.

### *Standard of Review*

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard. *St. George v. State,* 237 S.W.3d 720, 725 (Tex. Crim. App. 2007); *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). We do not engage in our own factual review as the trial judge is the sole trier of fact and judge of credibility of the witnesses and the weight to be given to their testimony. *Amador v. State,* 275 S.W.3d 872, 878 (Tex. Crim. App. 2009); *Wiede v. State*, 214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007). Rather, we give almost total deference to a trial court's determination of historical facts, particularly when the trial court's findings are based on an evaluation of credibility and demeanor. *St. George,* 237 S.W.3d at 725; *Guzman v. State,* 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The same deference is afforded a trial court's rulings on application-of-law-to-fact questions. *Guzman*, 955 S.W.2d at 89. However, we review *de novo* the application of legal principles to a specific set of facts, including the trial court's determination of reasonable suspicion and probable cause. *State v. Garcia-Cantu,* 253 S.W.3d 236, 241 (Tex. Crim. App. 2008); *Guzman,* 955 S.W.2d at 87. When, as in this case, the trial court has not made

3

specific findings of fact, we must view the evidence in the light most favorable to the trial court's ruling. *State v. Iduarte*, 268 S.W.3d 544, 548 (Tex. Crim. App. 2008); *Neal v. State,* 256 S.W.3d 264, 281 (Tex. Crim. App. 2008); *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006); *Torres v. State*, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005). When the record is silent on the reasons for the trial court's ruling on a motion to suppress or when the trial court makes no explicit fact findings and neither party has timely requested findings and conclusions from the trial court, we imply the necessary fact findings that would support the trial court's ruling if the evidence, viewed in the light most favorable to the trial court's ruling, supports these implied fact findings. *Kelly*, 204 S.W.3d at 818–19. A court's ruling regarding a motion to suppress will be upheld if the decision made was based on any correct theory of law applicable to the case. *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000).

*Probable Cause*

Probable cause for a warrantless arrest exists if, at the moment the arrest is made, the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information are sufficient to warrant a prudent man as believing that the person arrested had committed or was committing an offense. *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964); *see Parker v. State*, 206 S.W.3d 593, 596 (Tex. Crim. App. 2006). "An offense is deemed to have occurred within the presence or view of an officer when any of his senses afford him an awareness of its occurrence." *State v. Steelman*, 93 S.W.3d 102, 107 (Tex. Crim. App. 2002). The test for probable cause is an objective one, unrelated to the subjective beliefs of the arresting officer, and it requires a consideration of the totality of the circumstances facing the arresting officer. *Maryland v. Pringle*, 540 U.S. 366, 371, 124 S.Ct. 795, 800, 157 L.Ed.2d 769 (2003); *Beck*, 379 U.S. at 96-97, 85 S.Ct. at 228; *Amador*, 275 S.W.3d

4

at 878.   A finding of probable cause requires "more than bare suspicion" but "less than . . . would justify . . . conviction."   *Brinegar v. United States*, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (1949).

Appellant specifically complains that probable cause to arrest him was lacking both because Officer Quinonez was not certified on the date she administered the standardized field sobriety tests to Appellant as required by *Emerson v. State*, 880 S.W.2d 759, 769 (Tex. Crim. App. 1994) and Section 221.9 of the Texas Administrative Code, and because his performance of those tests was not recorded by the patrol car's video camera.[2]   37 TEX. ADMIN. CODE § 221.9 (2007) *repealed by* 36 TEX. REG. 3935 (June 24, 2011) *effective* July 14, 2011, (proposed 36 TEX. REG. 1959 (March 25, 2011)).

The trial court, by denying Appellant's motion to suppress, chose to accept Officer Quinonez' testimony as true and resolve any inconsistencies in the evidence in favor of Officer Quinonez.   This, the trial court was entitled to do.   *See Ross*, 32 S.W.3d at 855; *Graham v. State*, 201 S.W.3d 323, 330 (Tex. App. – Houston [14th Dist.] 2006, pet. ref'd); *Hawkins v. State*, 853 S.W.2d 598, 600 (Tex. App. – Amarillo 1993, no pet.).   Officer Quinonez' testimony during the suppression hearing showed that, before conducting any field sobriety test, she was both aware that Appellant had been involved in a multi-vehicle collision on an interstate highway and had observed Appellant to have unsteady balance, bloodshot eyes, slurred and slow speech, and a very strong odor of alcohol emanating from his breath and person.   Appellant informed Officer

---

[2]   Section 221.9 of the Texas Administrative Code, which has been repealed, provided for the issuance of a standardized field sobriety testing practitioner certificate to qualified applicants.   37 TEX. ADMIN. CODE § 221.9 (2007) *repealed by* 36 TEX. REG. 3935 (June 24, 2011) *effective* July 14, 2011 (proposed 36 TEX. REG. 1959 (March 25, 2011). The repeal was enacted to remove "a certificate that did not relate to a licensee's training to conduct Standardized Field Sobriety Tests as [such] instruction . . . is included in the Basic Peace Officer Course."   *See* 36 TEX. REG. 3935.

5

Quinonez that he had consumed three or four beers, and Officer Quionez testified that Appellant's breath-alcohol results were above .08.

The offense of public intoxication occurs when a person appears in a public place while intoxicated and is so intoxicated that he or she might endanger himself or another. TEX. PENAL CODE ANN. § 49.02(a) (West 2011). A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place. TEX. PENAL CODE ANN. § 49.04(a) (West 2011). Intoxication is defined as: (1) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body, or (2) having an alcohol concentration of 0.08 or more. TEX. PENAL CODE ANN. § 49.01(2)(A), (B) (West 2011). Evidence of intoxication may include: (1) slurred speech; (2) bloodshot eyes; (3) the odor of alcohol on the person; (4) the odor of alcohol on the breath; (5) unsteady balance; or (6) a staggered gait. *See Cotton v. State*, 686 S.W.2d 140, 143 n.3 (Tex. Crim. App. 1985).

Based upon long-existing precedent, we believe the facts and circumstances here, when viewed together, were sufficient to establish probable cause to arrest Appellant without an arrest warrant for public intoxication or driving while intoxicated or both. TEX. PENAL CODE ANN. § 49.02(a) (West 2011); s*ee Pesina v. State*, 676 S.W.2d 122, 127 (Tex. Crim. App. 1984) (recognizing that officer had probable cause to arrest defendant where the defendant was involved in a collision with another vehicle and had a strong odor of alcohol on his breath*); Knisley v. State*, 81 S.W.3d 478, 483–84 (Tex. App. -- Dallas 2002, pet. ref'd) (holding probable cause existed to arrest defendant for DWI where officer knew the defendant was involved in an accident, was unable to answer simple questions, and smelled of alcohol); *Broadnax v. State*, 995 S.W.2d 900, 904 (Tex. App. -- Austin 1999, no pet.) (holding probable cause existed to arrest defendant for

6

DWI where officer knew the defendant had crashed his vehicle while trying to pass a truck, and officer smelled alcohol on defendant's breath after the accident); *Mitchell v. State*, 821 S.W.2d 420, 424–25 (Tex. App. -- Austin 1991, pet. ref'd) (holding probable cause existed to arrest defendant for DWI where arresting officer learned from fellow officer that the defendant had been involved in a serious single vehicle accident and smelled of alcohol).

Because probable cause existed to arrest Appellant for driving while intoxicated, we do not find Appellant's complaints to be meritorious. Appellant's issue on appeal is overruled.

## CONCLUSION

Having overruled Appellant's sole issue, we affirm the trial court's judgment.

GUADALUPE RIVERA, Justice

November 21, 2011

Before McClure, C.J., Rivera, J., and Antcliff, J.

(Do Not Publish)

7