NUMBER
13-01-665-CR

 

                                  COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                                    CORPUS
CHRISTI

 



 

FEAGIAI SIOLO,                                                                                Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                        Appellee.

 



 

                                On
appeal from the 36th District Court

                                       of
San Patricio County, Texas.

 



 

                                         O
P I N I O N

 

                 Before Chief Justice
Valdez and Justices Dorsey and Rodriguez

                                           Opinion
by Justice Dorsey



 








A jury found appellant, Feagiai Siolo, guilty of
one count of intoxication manslaughter and three counts of intoxication
assault.  The trial court sentenced him
to twenty years in prison for intoxication manslaughter and ten years in prison
for each count of intoxication assault. 
The issue is whether the trial court erred in refusing to suppress the
warrantless search which resulted in the drawing of appellant=s blood without his consent.  We affirm.

                                                               I.
Background 

About 3:30 p.m. Charles Scott was driving his
suburban on IH-37 when appellant=s
car, a green Daewoo, struck the suburban, causing it to roll over several
times.  One person in the suburban died
at the scene, and three other people in the suburban received serious bodily
injuries.  Trooper Almaraz arrived on the
scene at 3:38 p.m.  His investigation
showed that appellant was the Deewoo=s
driver and that he had blood-shot eyes, slurred speech, a strong odor of
alcohol coming from him, and unsteady balance. 
Appellant failed the Horizontal Gaze Nystagmus test and poorly recited
the alphabet.  Appellant admitted to
Almaraz that he had drank one beer prior to the collision.  Based on these factors Almaraz believed that
appellant had operated the Daewoo while intoxicated and that, based on the
evidence at the scene and the damage to the vehicles, appellant=s intoxication caused the
collision.  Almaraz turned appellant over
to Trooper Eubanks, instructing him to obtain a blood sample from
appellant.  Eubanks arrested appellant
for DWI and took him to Columbia Northwest Hospital.  Eubanks stated that he gave the statutory
warnings DIC-24 and DIC-25 to appellant. 
When told that the blood withdrawal was mandatory, appellant replied, AOkay.@  A registered nurse drew appellant=s blood.  The test run on the blood sample showed a
blood-alcohol concentration of 0.14. 








                                                      II.
Standard of Review

We review the trial court=s
decision on a motion to suppress evidence for abuse of discretion.  Montgomery v. State, 810 S.W.2d 372,
378 (Tex. Crim. App. 1990); Owens v. State, 875 S.W.2d 447, 450 (Tex.
App.BCorpus
Christi 1994, no pet.).  The evidence at
a suppression hearing is viewed in the light most favorable to the trial court=s ruling. Owens, 875 S.W.2d at
450.  The trial court acts as the fact
finder and is the sole judge of the credibility of witnesses and the weight to
be given their testimony.  Clark v.
State, 548 S.W.2d 888, 889 (Tex. Crim. App. 1977); Owens, 875 S.W.2d
at 450.  We give a trial court wide
discretion to admit or exclude evidence as it sees fit.  Theus v. State, 845 S.W.2d 874, 881
(Tex. Crim. App. 1992); Enriquez v. State, 56 S.W.3d 596, 600 (Tex. App.BCorpus Christi 2001, pet. ref=d). 
As long as the trial court=s
evidentiary ruling was at least within the zone of reasonable disagreement an
appellate court may not disturb it. Enriquez, 56 S.W.3d at 600.

                                                       III. Blood-Test Results








In his sole issue, appellant complains that the
trial court erred in refusing to suppress the warrantless search which resulted
in the drawing of his blood without his consent, in violation of article
38.23(a)[1]
of the Texas Code of Criminal Procedure and the Fourth and Fourteenth
Amendments to the United States Constitution. 
Appellant claims that the trooper told him that he had no choice in the
matter of having his blood drawn and that the blood draw was mandatory.  Accordingly he argues that the trial court
should have suppressed the blood-test results. 
We disagree.

Chapter 724 of the Texas Transportation Code
governs the taking of blood samples. 
Section 724.012, in relevant part, provides:

(a)
One or more specimens of a person's breath or blood may be taken if the person
is arrested and at the request of a peace officer having reasonable grounds to
believe the person:

 

(1)
while intoxicated was operating a motor vehicle in a public place. . . . 

 

(b)
A peace officer shall require the taking of a specimen of the person's breath
or blood if:

 

(1)
the officer arrests the person for an offense under Chapter 49 [Intoxication
and Alcoholic Beverage Offenses], Penal Code, involving the operation of a
motor vehicle. . . .

 

(2)
the person was the operator of a motor vehicle . . . involved in an accident
that the officer reasonably believes occurred as a result of the offense;

 

(3)
at the time of the arrest the officer reasonably believes that a person has
died or will die as a direct result of the accident;  and

 

(4)
the person refuses the officer's request to submit to the taking of a specimen
voluntarily.  

 

(c)
The peace officer shall designate the type of specimen to be taken.

 

Tex. Transp. Code Ann.
' 724.012 (Vernon 1999 & Supp.
2002).








The section following 724.012 provides that a
specimen may not be taken if a person refuses to submit, "[e]xcept as
provided by Section 724.012(b)."  Tex. Transp. Code Ann. ' 724.013 (Vernon 1999).  Section 724.014 authorizes the taking of a
specimen from a person who is dead, unconscious, or otherwise incapable of
refusal.  These provisions read together
make it clear that in certain circumstances a peace officer may compel the extraction
of a blood specimen without consent from a driver whom he arrests for being
intoxicated.  Broadnax v. State,
995 S.W.2d 900, 903 (Tex. App.BAustin
1999, no pet.).[2]  See Enriquez, 56 S.W.3d at 602-03.








The Austin Court of Appeals has held that a trial
court did not err in admitting blood-test results taken under section 724.012
of the Texas Transportation Code when the driver did not consent.  In Porter v. State, 969 S.W.2d 60
(Tex. App.B Austin
1998, pet. ref'd), the court said:

Blood
draws are mandatory from persons who are under arrest for any offense arising
out of acts committed while operating a motor vehicle in a public place and
whose intoxicated driving has led to the death or is expected to result in
death to an individual, and such results are admissible into evidence in a
subsequent trial for that offense.

 

Id. at 65.








In Mitchell v. State, 821 S.W.2d 420 (Tex.
App.BAustin
1991, pet. ref'd), a case similar to ours, the court determined that a blood
sample was lawfully obtained under the predecessor of the implied-consent
statute.  In Mitchell the accused
lost control of his car and rolled it several times, resulting in massive
injuries to his three-year-old son.  The
investigating officer saw the accused behind the steering wheel and detected a
strong odor of alcohol about him.  Based
upon his observations of the child's condition and information from the medical
attendants the officer concluded that the child was near death.  He asked that a blood sample be taken from
the accused upon his arrival at the hospital. 
A fellow officer went to the hospital and obtained the blood
sample.  The officer approached the
accused and asked if he was the driver. 
The accused turned his eyes away and closed them.  The officer read him a document indicating
that the officer was there to obtain a blood specimen and that the accused was
under arrest for an offense involving driving while intoxicated.  The accused did not respond.  The officer took this as a refusal and
concluded that the accused would not voluntarily agree to give the blood
sample.  Based on the information the
officer at the hospital had received from the investigating officer at the
scene, the Mitchell court held that the second officer had probable
cause to arrest the accused for driving while intoxicated, could reasonably
believe that an accident had occurred as a result of this offense, and could
reasonably believe that a person injured in the accident was likely to
die.  The court also held that from the
accused=s conduct
at the hospital, the officer correctly understood that the accused did not
voluntarily consent to giving a blood sample. 
Id. at 424‑25.  The
court further stated that

[s]trictly
speaking, ' 3(i)(4)
[now '
724.012(b)(4)] adds nothing to the statute. 
If a person voluntarily consents to an officer's request for a blood or
breath sample, the officer need not resort to his authority under ' 3(i) ['
724.012(b)].  On the other hand, if the
conditions specified in '
3(i) ['
724.012(b)] (1), (2), and (3) are satisfied, the absence of consent is
irrelevant.  In this cause, the State
relied on ' 3(i) [' 724.012(b)] because appellant objected
that the blood sample had been taken involuntarily.

 

Mitchell, 821 S.W.2d at 425 n.4.








Here, the evidence showed that the predicate for
taking an involuntary blood specimen was proven.  Appellant's consent became irrelevant.  The investigating officer, Almaraz:  (1) had probable cause to arrest appellant
for DWI; (2) reasonably believed that the collision had occurred as a result of
the DWI offense; and (3) reasonably believed that a person had died as a result
of the collision.  Almaraz sent appellant
to the hospital in the custody of Officer Eubanks to obtain a blood
specimen.  Appellant appeared to
understand what he was told by Eubanks. 
Appellant did not object and cooperated with the law enforcement
officers and the hospital personnel in that process.  All of the evidence showed that appellant
voluntarily consented after receiving an accurate statement that the officers
had a factual basis and legal authority to obtain a blood specimen without his
consent and intended to do so.  The
warning under section 724.015 of the Texas Transportation Code is not applicable,
because it is based upon the subject's right to refuse to consent.  Under sections 724.012(b) and 724.013 and the
facts of this case, appellant had no right to refuse to consent.  We hold that the trial court did not abuse
its discretion in refusing to suppress the blood-test results.  We overrule the issue.

We AFFIRM the trial court=s
judgment.

 

 

______________________________

J. BONNER DORSEY,

Justice

 

Do not publish.

Tex. R. App. P. 47.3(b).

 

Opinion
delivered and filed

this
19th day of September, 2002.                    











[1]Article 38.23(a) provides:

 

No
evidence obtained by an officer or other person in violation of any provisions
of the Constitution or laws of the State of Texas, or of the Constitution or laws
of the United States of America, shall be admitted in evidence against the
accused on the trial of any criminal case.





[2]The constitutionality of compelling
production of physical evidence of intoxication is well‑settled.  See Schmerber v. California, 384 U.S.
757 (1966) (compelling non‑testimonial evidence does not contravene Fifth
Amendment); Thomas v. State, 723 S.W.2d 696, 704‑05 (Tex. Crim.
App. 1986) (State could either compel physical evidence of intoxication or
permit evidence of refusal without violating state constitutional protection
against self‑incrimination); Rodriguez v. State, 631 S.W.2d 515,
517 (Tex. Crim. App. 1982) (there is no State constitutional barrier to
subjecting an accused, without his consent, to a chemical test for
intoxication, if taken under conditions that comport with due process); Olson
v. State, 484 S.W.2d 756, 772 (Tex. Crim. App. 1969) (compelling a blood
test does not require an accused to give evidence against himself within the
meaning of article I, section 10 of the Texas Constitution).  A search and seizure of a blood sample is
protected by the Fourth Amendment, but it is only those searches and seizures
which are not justified in the circumstances or which are made in an improper
manner that are prohibited.  Where the
officers have probable cause, exigent circumstances, and a reasonable method of
extraction, the search and seizure is not unreasonable and does not violate the
Fourth Amendment.  Schmerber, 384
U.S. at 767‑768.  The court of
criminal appeals has held that the taking of a blood sample is a search and
seizure within the meaning of article I, section 9 of the Texas Constitution,
and that the State was required to comply with the applicable statutory
protections for searches and seizures.  Escamilla
v. State, 556 S.W.2d 796, 798 (Tex. Crim. App. 1977).  The court of criminal appeals has followed Schmerber
by requiring probable cause, exigent circumstances, and a reasonable method of
extraction to be shown before a warrantless search and seizure of a blood
sample will be held to be reasonable.  State
v. Comeaux, 818 S.W.2d 46, 53 (Tex. Crim. App. 1991).