Criminal Case Template






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





LUIS PAZ,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-03-00207-CR

Appeal from the

County Court at Law No. 6
of El Paso County, Texas 

(TC# 20010C06405)



 

 

 





MEMORANDUM OPINION

            This is an appeal from a conviction for the offense of driving while intoxicated. The court
assessed punishment at two years’ community supervision and a fine of $1,200. We affirm the
judgment of the trial court. 
I. SUMMARY OF THE EVIDENCE
            A hearing was held on Appellant’s motion to suppress on February 20, 2003. Jesus Antonio
Ayala, a police officer with the El Paso Police Department, testified that on July 22, 2000, he was
on patrol and he was called to a traffic accident on Interstate 10 West, west of the Yarbrough Street
exit in El Paso County, Texas. When he arrived at the scene, he observed a car impacted against the
guardrail. A witness related to the officer that he saw the accident and Appellant had been driving
the vehicle. Appellant was weaving in his lane and then he drove over the right shoulder and hit the
guardrail. Appellant stated to the officer that he did not remember what happened and that he had
fallen asleep at the wheel. There was a strong odor of alcohol about Appellant’s person. Appellant
was transported to the hospital. 
            At the hospital, Officer Ayala read the DIC-24 and DIC-23 forms to Appellant. Appellant
stated that he understood the information in the forms and he agreed to give a blood specimen. The
officer gave a DPS blood kit to a nurse who he believed was an LVN and he watched her withdraw
a blood specimen. This procedure took place in a room within the emergency room. He then
transported the specimen to police headquarters and filled out the appropriate paperwork. 
            On cross-examination, the following exchange occurred:
            DEFENSE:     Now, at that point you stated that when a nurse came to his bed, or was he
walking --
 
            WITNESS:     No, the nurse came to the room.
 
DEFENSE:And you knew that the nurse was an LVN nurse?
 
WITNESS:Correct.
 
DEFENSE:And how did you arrive to that conclusion that she was an LVN?
 
WITNESS:Basically asked her what her position was.
 
DEFENSE:So you did ask?
 
WITNESS:Yes.
 
DEFENSE:How do you ask?
 
WITNESS:I asked her, what is your position.
 
DEFENSE:What did she say?
 
WITNESS:Said she was an LVN. If I’m not mistaken, that is the correct title for
a registered nurse, LVN, if I am not mistaken.
 
DEFENSE:You don’t know -- but she said that she was an LVN to you?
 
WITNESS:She said to me that she was a nurse.
 
DEFENSE:So you don’t know if she was an LVN or a nurse?
 
WITNESS:I’m confused with the title -- the correct title name for a nurse. LVN,
VN, registered nurse, RN; I knew that she was a nurse.

. . .
 
DEFENSE:Did you ask her whether or not she was a licensed nurse or she had a
certificate from nursing school?
 
WITNESS:I asked her if she was a nurse.
 
DEFENSE:You asked her whether or not she was a certified, or licensed --
 
WITNESS:No, I did not. I asked her if she was a nurse.

II. DISCUSSION
            In Appellant’s sole issue, he asserts that the court erred in denying his motion to suppress the
blood test result because it was illegally obtained in violation of Section 724.017 of the Texas
Transportation Code. Specifically, Appellant contends that the State failed to prove that the blood
specimen was taken by an authorized person in a sanitary place. 
            We review a trial court’s ruling on a motion to suppress under an abuse of discretion standard
of review. Oles v. State, 993 S.W.2d 103, 106 (Tex.Crim.App. 1999). There is an abuse of
discretion when the ruling is so clearly wrong as to be outside that zone within which reasonable
persons might disagree. Cantu v. State, 842 S.W.2d 667, 682 (Tex.Crim.App. 1992). We afford
almost total deference to a trial court’s determination of the historical facts that the record supports,
especially when the trial court’s fact findings are based upon an evaluation of credibility and
demeanor. State v. Ross, 32 S.W.3d 853, 856 (Tex.Crim.App. 2000). We afford the same amount
of deference to the trial court’s ruling on mixed questions of law and fact if the resolution of those
questions turns on an evaluation of credibility and demeanor. Id. We review de novo the trial
court’s application of law to facts in search and seizure cases. Id. The taking of a blood specimen
is considered a search and seizure under both the federal and Texas Constitutions. Schmerber v.
California, 384 U.S. 757, 767-68, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); Aliff v. State, 627 S.W.2d
166, 170 (Tex.Crim.App.1982); Knisley v. State, 81 S.W.3d 478, 483 (Tex.App.--Dallas 2002, pet.
ref’d).
            To be admissible, the blood specimen must be taken in a “sanitary place” by a “physician,
qualified technician, chemist, registered professional nurse, or licensed vocational nurse.” 
Tex.Transp.Code Ann. § 724.017(a)(Vernon 1999).
            With regard to whether or not the specimen was taken in a sanitary place, a hospital is, by
definition, an institution devoted to providing health care to people; thus, the room within the
emergency room in which Appellant’s blood was drawn was, by its nature, a facility “of or relating
to health.” Furthermore, it is common knowledge that hospitals are inspected and certified and
would not be allowed to continue operating if they presented unsanitary conditions which would
constitute a health hazard. Mitchell v. State, 821 S.W.2d 420, 424 (Tex.App.--Austin 1991, pet.
ref’d)(recognizing that the State no longer has to prove that the place is inspected on a periodic
basis). The trial court could have reasonably inferred from the nature of the hospital itself, as well
as the environment and manner in which Appellant’s blood was drawn, that the room in the
emergency room area was a sanitary place.
            The question of whether or not the specimen was drawn by a qualified individual is more
difficult because it is somewhat unclear what the title of the nurse was who withdrew the specimen. 
However, the trial court could have believed that the officer’s testimony was that the nurse was either
a licensed vocational nurse or a registered nurse. Either title is statutorily acceptable. Accordingly,
Appellant’s sole issue is overruled. 
            Having overruled each of Appellant’s issues on review, we affirm the judgment of the trial
court.

January 20, 2005                                                         
                                                                                    RICHARD BARAJAS, Chief Justice

Before Panel No. 2
Barajas, C.J., McClure and Chew, JJ.

(Do Not Publish)