# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00529-CV

**Forest North/Springwoods Co-Operative Recreation Association, Appellant**

**v.**

**City of Austin; Marc Ott, City Manager; Sara L. Hensley, Director of Parks and Recreation; and Tom Nelson, Director of Aquatics, Appellees**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT NO. 11-1077-C368, HONORABLE BURT CARNES, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Forest North/Springwoods Co-Operative Recreation Association ("Forest North") appeals from an order granting a motion for summary judgment filed by several City of Austin officials, namely Marc Ott, City Manager; Sara L. Hensley, Director of Parks and Recreation; and Tom Nelson, Director of Aquatics (collectively, "the City Officials"). We will dismiss the appeal for want of jurisdiction.

## BACKGROUND

In October 2011, Forest North sued the City of Austin ("the City") alleging a trespass-to-try-title action arising out of Forest North's claim to hold a property interest in certain real property that the City acquired when it annexed the Springwoods Municipal Utility District. Forest North contended that the City was in unlawful possession of the property and demanded that it yield

possession of the property to Forest North. The City filed an answer, plea to the jurisdiction, and special exceptions. Thereafter, Forest North amended its petition to add an inverse-condemnation claim against the City, demanding, as an alternative to the City's yielding possession of the property, that it pay Forest North the full value of the property. The City filed an amended plea to the jurisdiction as well as an amended answer and special exceptions. In its plea to the jurisdiction, the City asserted immunity from suit and requested that Forest North's claims be dismissed.

Although it is not in the record, Forest North apparently filed a second amended petition in which it added the City Officials as defendants, presumably in the trespass-to-try-title action. Forest North later filed a third amended petition in which it alleged that it held a property interest in the property and continued to assert both a trespass-to-try-title claim against all defendants and an alternative claim for inverse condemnation against the City. Forest North filed a motion for summary judgment, titled "Plaintiff's Second Motion for Summary Judgment," seeking summary judgment against the City Officials on its trespass-to-try-title claim or, in the alternative, against the City on its inverse condemnation claim.

The City Officials filed a motion for summary judgment in which they asked for "a partial summary judgment under Texas Rule of Civil Procedure 166a(b) on the trespass to try title claim filed against them" by Forest North. The City did not file a motion for summary judgment.

Following a hearing on Forest North's second motion for summary judgment and the City Officials' motion for summary judgment, the district court signed an order stating in pertinent part:

2

IT IS ORDERED that the Plaintiff's Second Motion for Summary Judgment is DENIED in its entirety.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment is GRANTED in its entirety and that all Plaintiff's claims against the Defendants are DISMISSED WITH PREJUDICE.

All additional relief not expressly granted herein is denied.

This is a final, appealable judgment.

Forest North filed a notice of appeal from this order.

## DISCUSSION

An appeal generally may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). With certain exceptions not applicable here, a judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record. *Id.* We determine whether a judgment is final by considering the judgment's language and the record in the case. *Id.* When, as here, there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal "unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and parties." *Id.* at 205. In such a case, the inclusion of a Mother Hubbard clause, i.e., one reciting that "all relief not granted is denied," does not indicate that a judgment rendered without a conventional trial on the merits is final. *Id.* at 203-04. An order does not dispose of all claims and all parties merely because it is entitled "final" or because the word "final" appears elsewhere in the order. *Id.* at 205.

In the present case, our review of the record in this case reveals the existence of parties and claims not mentioned or disposed of in the trial court's summary judgment order.

3

Specifically, the order does not purport to adjudicate Forest North's claims against the City. While the order denies Forest North's own summary-judgment motion against the City, it does not, and could not, grant summary judgment for the City because the City did not file a motion for summary judgment. The order grants "the Defendants' Motion for Summary Judgment," but, as previously noted, that motion was filed by the City Officials alone, and in the motion's opening paragraph the City Officials requested only "partial summary judgment." The City did not join the motion.[1]

Forest North points to the language in the order that "all Plaintiff's claims against the Defendants are dismissed with prejudice" and argues that that language disposes not only of Forest North's claims against the City Officials but also its claims against the City. We conclude that the order cannot be read so broadly. The relevant sentence reads in full: "It is further ordered that Defendants' Motion for Summary is granted in its entirety and that all Plaintiff's claims against the Defendants are dismissed with prejudice." The term "defendants" in the first part of the sentence clearly refers only to the City Officials, as they were the only defendants who filed a motion for summary judgment. It is therefore illogical to conclude that the term "defendants" means something different in the second half of the sentence and encompasses not just the City Officials but also the City. *Cf. Brown v. Gardner*, 513 U.S. 115, 118 (1994) ("[T]here is a presumption that a given term is used to mean the same thing throughout a statute, a presumption surely at its most vigorous when a term is repeated within a given sentence . . . ." (Citation omitted.)); *Mitchell v. State*, 821 S.W.2d 420, 423 (Tex. App.—Austin 1991, pet. ref'd) ("Surely, when a phrase appears twice

---

[1] Moreover, the district court's docket sheet entry that corresponds to the hearing date of the motions for summary judgment recites that the City's plea to the jurisdiction was "taken under advisement," but the record contains no order granting the City's plea.

in the same sentence it carries the same meaning each time."). Moreover, the order does not mention the pleading the City did file in seeking dismissal, i.e., its plea to the jurisdiction. And as previously noted, the order's recitation that it is final and appealable does not convert it into one that disposes of all claims and parties. *Lehrmann*, 39 S.W.3d at 205.[2]

An order that does not dispose of all parties and all issues in the case must be classified, for purposes of appeal, as an unappealable interlocutory order. *Ruiz v. Ruiz*, 946 S.W.2d 123, 124 (Tex. App.—El Paso 1997, no writ). Without affirmative statutory authority to hear an interlocutory appeal, this Court lacks jurisdiction. *Id.* Because the summary judgment order here is not final and appealable, we must dismiss this appeal for want of jurisdiction.[3]

**CONCLUSION**

For the reasons stated above, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

---

[2] The present case is distinguishable from *Ritzell v. Espeche*, 87 S.W.3d 536 (Tex. 2002), cited by the dissent. In *Ritzell*, the summary judgment order in question unequivocally—if incorrectly—disposed of all claims and parties in the case. Here, by contrast, the summary judgment order did not dispose of all claims because it did not dispose of Forest North's claims against the City.

[3] This dismissal should not, however, be construed to prevent Forest North from later pursuing a timely appeal from a final judgment in this cause, if one is rendered.

5

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Goodwin and Field
   Dissenting Opinion by Justice Goodwin

Dismissed for Want of Jurisdiction

Filed:   June 27, 2013