FILED IN
COURT OF CRIMINAL APPEALS

May 29, 2015

ABEL ACOSTA, CLERK

## IN THE COURT OF CRIMINAL APPEALS
## OF TEXAS

| | | |
|---|---|---|
| EX PARTE | § | |
| | § | |
| | § | NO. WR-81,360-01 |
| | § | |
| DERRICK KEITH COOKE | § | |

## 11.07 APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE NUMBER C-1-009379-08496383-A IN THE CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY, TEXAS; THE HONORABLE ELIZABETH BEACH, JUDGE PRESIDING.

---

### APPLICANT'S BRIEF

---

**Stickels & Associates, P.C.**
**P. O. Box 121431**
**Arlington, Texas 76012**
**Phone: (817) 479-9282**
**Fax: (817) 622-8071**
**John W. Stickels**
**State Bar No. 19225300**
**Attorney for Derrick Keith Cooke**

## IDENTITY OF PARTIES AND COUNSEL

For convenience of the Court, the State provides the following list of all trial and appellate counsel:

Applicant:

| | |
|---|---|
| Original Plea Proceedings: | Jeffery D. Gooch<br>2315 N Main St, Ste 320<br>Fort Worth, TX 76164 |
| Adjudication Proceedings: | J. Don Carter<br>3663 Airport Fwy<br>Fort Worth, TX 76111 |
| Appeal: | Robert "Bob" Ford<br>Deceased |
| Post-Conviction Writ: | John Stickels<br>P.O. Box 121431<br>Arlington, Texas 76012 |

Respondent:

| | |
|---|---|
| Original Plea Proceedings: | Tim Curry, District Attorney<br>Amy Collum |
| Adjudication Proceedings: | Phelesa M. Guy |
| Appeal: | Kimberly C. Wesley |
| Post-Conviction Writ: | Joe Shannon, Jr.<br>District Attorney<br><br>Sharen Wilson,<br>District Attorney<br>Andréa Jacobs<br>401 W. Belknap<br>Fort Worth, Texas 76196 |

i

Court:

Plea Proceeding:                                 Hon. Sharen Wilson
                                                 Criminal District Court No. 1
                                                 401 W. Belknap
                                                 Fort Worth, Texas 76196

Post-Conviction Writ:                            Hon. Elizabeth Beach
                                                 Criminal District Court No. 1
                                                 401 W. Belknap
                                                 Fort Worth, Texas 76196

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ............................................................ i

TABLE OF CONTENTS.............................................................................. iii

TABLE OF AUTHORITIES ...........................................................................v

REQUESTED ISSUES ...................................................................................3

1. THE COURT SHOULD ANSWER THE ISSUE OF WHETHER APPLICANT IS SUFFERING A COLLATERAL CONSEQUENCE PRIOR TO ANALZYING THE MERITS OF APPLICANT'S CLAIM BECAUSE THIS ISSUE IS A JURISDICTIONAL MATTER. ..........................................................3

2. APPLICANT'S APPLICATION SHOULD BE GRANTED AND CONVICTION VACATED BECAUSE PURSUANT TO SECTION 22.01(b)(2) OF THE TEXAS PENAL CODE, APPELLANT'S SENTENCE IS ILLEGAL; THUS, APPLICANT IS SUFFERING A COLLATERAL CONSEQUENCE. .......3

3. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE NEW MEXICO CONVICTION. ..................................................................3
STATEMENT OF FACTS ..............................................................................4

ARGUMENTS AND AUTHORITIES ...............................................................8

ISSUE ONE: WHETHER APPLICANT IS SUFFERING COLLATERAL CONSEQUENCES UNDER ARTICLE 11.07, §3(c) OF THE CODE OF CRIMINAL PROCEDURE GIVEN THE FACT THAT EVEN IF THE PRESENT TARRANT COUNTY ASSAULT HAD NOT BEEN ELEVATED TO A THIRD DEGREE FELONY, AS A CLASS A MISDEMEANOR, IT COULD HAVE ELEVATED THE ASSAULT IN APPLICANT'S HOOD COUNTY CASE TO A THIRD DEGREE FELONY? ...................................................................8

I. THE COURT SHOULD ANSWER THE ISSUE OF WHETHER APPLICANT IS SUFFERING A COLLATERAL CONSEQUENCE PRIOR TO ANALZYING THE MERITS OF APPLICANT'S CLAIM BECAUSE THIS ISSUE IS A JURISDICTIONAL MATTER. ..........................................................8

II. APPLICANT'S APPLICATION SHOULD BE GRANTED BECAUSE UNDER THE LAWS OF THE STATE OF TEXAS, SPECIFICALLY, SECTION 22.01(b)(2)(A) OF THE TEXAS CODE OF CRIMINAL PROCEDURE, APPELLANT'S SENTENCE IS ILLEGAL; THUS, APPLICANT IS SUFFERING A COLLATERAL CONSEQUENCE. ..............................................10

ISSUE TWO: WHETHER COUNSEL WAS INEFFECTIVE IN FAILING TO OBJECT TO THE NEW MEXICO CONVICTION? ..........................................12

CONCLUSION AND PRAYER ........................................................................14

CERTIFICATE OF SERVICE ..........................................................................16

CERTIFICATE OF COMPLIANCE..................................................................16

# TABLE OF AUTHORITIES

**Cases**

*Boykin v. State,* 818 S.W.2d 782 (Tex. Crim. App. 1991), ......................................9

*Chiarini v. State,* 442 S.W.3d 318 (Tex. Crim. App. 2014). ....................................9

*Cooke v. State*, No. 02-08-026-CR, 2009 WL 3078405 (Tex. App.—Fort Worth

Sept. 21, 2009, pet. ref'd) (not designated for publication). .............................2, 5

*Ex Parte Graves*, 70 S.W.3d 103 (Tex. Crim. App. 2002)....................................7, 8

*Ex Parte Harrington*, 310 S.W. 3d 457 (Tex. Crim. App. 2010). .........................7, 8

*Ex Parte Parrott*, 396 S.W.3d 531 (Tex. Crim. App. 2013), .................................10

*Faulk v. State*, 608 S.W.2d 625 (Tex. Crim. App. 1980) .........................................9

Mitchell *v. State,* 821 S.W.2d 420 (Tex. App.—Austin 1991, pet ref'd)......... 10, 11

*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.ed.2d 674 (1984)..11

**Statutes**

Tex. Code Crim. Proc. art. 11.07 (West 2013) ................................................. passim

Tex. Penal Code §22.01(b)(2)(A) (West 2001). ....................................................4, 9

# IN THE COURT OF CRIMINAL APPEALSOF TEXAS

| | | |
|---|---|---|
| EX PARTE | § | |
| | § | |
| | § | NO. WR-81, 360-01 |
| | § | |
| DERRICK KEITH COOKE | § | |

## APPLICANT'S BRIEF

## 11.07 APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE NO. C-1-009379-08496363-A IN THE CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY, TEXAS: THE HONORABLE JUDGE ELIZABETH BEACH, JUDGE PRESIDING

## TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DERRICK KEITH COOKE, APPLICANT, by and through his counsel of record, the Honorable John W. Stickels, and files this Applicant's Brief pursuant to the Court of Criminal Appeals' Order signed and dated February 25, 2015 and in support shows the following:

## STATEMENT OF THE CASE

On June 26, 2002, a grand jury in Tarrant County, Texas indicted Applicant for assault causing bodily injury to a family member— with a prior conviction, a third degree felony. On October 31, 2002, Applicant pled guilty and the trial court placed him on deferred adjudication for a term of five years. *See* Unadjudicated Judgment on Plea of Guilty of Nolo Contendre and Suspending Imposition of Sentence, Cause No. 0849683D. Applicant violated the terms of his deferred

1

adjudication, specifically committing a new offense to wit: assault on a family member—causing bodily injury. On January 3, 2008, the Honorable Jerry Woodlock sentenced him to three years in the Institutional Division of the Texas Department of Criminal Justice (TDCJ). *See* Judgment Adjudicating Guilt, Cause No. 0849683. On September 21, 2009, the Texas Court of Criminal Appeals affirmed this conviction. *See Cooke v. State*, No. 02-08-026-CR, 2009 WL 3078405 (Tex.App.—Fort Worth Sept. 21, 2009, pet. ref'd) (not designated for publication).

On August 1, 2007, a grand jury in Hood County indicted Applicant under Section 22.01, a third degree felony, alleging that Applicant committed the following offense: assault-bodily injury family member-enhanced. *See* Indictment, No. CR10647. On May 23, 2008 a jury in Hood County, Texas convicted and sentenced Applicant to eight years in the TDCJ for the offense of assault with bodily injury to a family member (with a prior conviction), a third degree felony. *See* Judgment of Conviction by Jury. On July 11, 2011, Derrick Keith Cooke (hereinafter referred to as "Applicant") filed his application for writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure.

**REQUESTED ISSUES**

1.  THE COURT SHOULD ANSWER THE ISSUE OF WHETHER APPLICANT IS SUFFERING A COLLATERAL CONSEQUENCE PRIOR TO ANALZYING THE MERITS OF APPLICANT'S CLAIM BECAUSE THIS ISSUE IS A JURISDICTIONAL MATTER.

2.  APPLICANT'S APPLICATION SHOULD BE GRANTED AND CONVICTION VACATED BECAUSE PURSUANT TO SECTION 22.01(b)(2) OF THE TEXAS PENAL CODE, APPELLANT'S SENTENCE IS ILLEGAL; THUS, APPLICANT IS SUFFERING A COLLATERAL CONSEQUENCE.

3.  TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE NEW MEXICO CONVICTION.

**STATEMENT OF FACTS**

On June 26, 2002, a grand jury in Tarrant County, Texas indicted Applicant of the third degree offense of assault causing bodily injury to a family member— with a prior conviction. *See* Indictment, Cause No. 0849683D, *See* Tex. Penal Code §22.01(b)(2)(A) (West 2001). On October 31, 2002, Applicant pled guilty to the third degree offense of assault causing bodily injury to a family member—with a prior conviction. *See* Unadjudicated Judgment on Plea of Guilty of Nolo Contendre and Suspending Imposition of Sentence, Cause No. 0849683D. The offense of assault causing bodily injury to a family member was enhanced by using a 1999 New Mexico conviction for assault. *See* Indictment, Cause No. 0849683D, Judgment and Sentence—Cause No. M-0033-VR-98-00017 (New Mexico Judgment). The trial court placed him on deferred adjudication for a term of five years. *See* Unadjudicated Judgment on Plea of Guilty of Nolo Contendre and Suspending Imposition of Sentence, Cause No. 0849683D.

Applicant violated the terms of his deferred adjudication, specifically committing a new offense: assault on a family member—causing bodily injury. On January 3, 2008, the Honorable Jerry Woodlock sentenced him to three years in the (TDCJ). *See* Judgment Adjudicating Guilt, Cause No. 0849683. On September 21, 2009, the Texas Court of Criminal Appeals affirmed this conviction. *See Cooke v.*

*State*, No. 02-08-026-CR, 2009 WL 3078405 (Tex. App.—Fort Worth Sept. 21, 2009, pet. ref'd) (not designated for publication).

On August 1, 2007, a grand jury in Hood County indicted Applicant under Section 22.01 for the following offense: assault-bodily injury family member-enhanced, a third degree felony. *See* Indictment, No. CR10647. The indictment included an enhancement paragraph including the above-mentioned Tarrant County offense. On May 23, 2008, a jury in Hood County, Texas convicted and sentenced Applicant to eight years in TDCJ. *See* Judgment of Conviction by Jury.

This application for writ of habeas corpus was filed on July 11, 2011. On February 25, 2015, The Court of Criminal Appeals of Texas ordered Applicant and Respondent to submit a brief addressing the issues stated herein. *See* Order, No. Wr-81, 360-61, February 25, 2015.

## SUMMARY OF THE ARGUMENT

Applicant's application should be granted and his conviction vacated because his sentence is illegal under the laws of the State of Texas. Whether appellant is suffering from a collateral consequence is a matter of a jurisdiction. The fact that even if the present Tarrant County assault had not been elevated to a third degree felony, as a class A misdemeanor it could have elevated the assault in Applicant's Hood County case to a third degree felony is not relevant nor related to the jurisdictional issue. In properly analyzing the issue of whether Applicant suffered a collateral consequence, the essential question should be whether the Tarrant County conviction had an impact on another case and not whether Applicant's requested relief would impact another case. Thus, the essential question is whether the Tarrant County conviction affected the Hood County case, which it did. This Court has jurisdiction to address the merits of this application.

Under section 22.01(b)(2) of the Texas Penal Code, Applicant's Tarrant County conviction was improperly enhanced from a Class A misdemeanor to a third degree felony by using the 1999 New Mexico Conviction. Thus, Applicant is improperly confined because his conviction is illegal under the law.

Counsel was ineffective in failing to object to the use of 1999 New Mexico conviction. The statute on its face states that an assault family violence offense:

> [i] s a Class A  misdemeanor, except that the offense is a felony of the third degree if the offense is committed against:
>> (2) a member of the defendant's family or household, if it is shown on the trial of the offense that the defendant has been previously convicted of an offense against a member of the defendant's family or household *under this section*.

The phrase "under this section" pertains to only in-state convictions. Thus, Applicant's claim to ineffective assistance of counsel should be granted.

7

**ARGUMENTS AND AUTHORITIES**

ISSUE ONE: WHETHER APPLICANT IS SUFFERING COLLATERAL CONSEQUENCES UNDER ARTICLE 11.07, §3(c) OF THE CODE OF CRIMINAL PROCEDURE GIVEN THE FACT THAT EVEN IF THE PRESENT TARRANT COUNTY ASSAULT HAD NOT BEEN ELEVATED TO A THIRD DEGREE FELONY, AS A CLASS A MISDEMEANOR, IT COULD HAVE ELEVATED THE ASSAULT IN APPLICANT'S HOOD COUNTY CASE TO A THIRD DEGREE FELONY?

I.    THE COURT SHOULD ANSWER THE ISSUE OF WHETHER APPLICANT IS SUFFERING A COLLATERAL CONSEQUENCE PRIOR TO ANALZYING THE MERITS OF APPLICANT'S CLAIM BECAUSE THIS ISSUE IS A JURISDICTIONAL MATTER.

The Court in *Ex Parte Graves*, 70 S.W.3d 103, 109 (Tex. Crim. App. 2002), stated that the Court should determine the issue of habeas corpus jurisdiction prior to ever reaching the merits of a claim. *Ex Parte Graves*, 70 S.W.3d 103, 109 (Tex. Crim. App. 2002). An application for habeas corpus relief from collateral consequences of another conviction is permitted as long as the Applicant is confined subsequent to a conviction for a felony offense. *See Ex Parte Harrington*, 310 S.W. 3d 457 (Tex. Crim. App. 2010). In *Ex Parte Harrington*, the court stated: " a showing of a collateral consequence, *without more*, is now sufficient to establish 'confinement' so as to trigger application of art. 11.07." Case law demonstrates that an Applicant's mere statement that he is confined and suffering a collateral consequence is sufficient to invoke the jurisdiction of this

8

Court. *Id.* at 457. Confinement is sufficient to initiate Article 11.07 without placing any more burdens on the Applicant. *Id.*

Prior to addressing the merits of the claim, the Court must first address the jurisdictional issue. The Court's jurisdiction is invoked where there are specific facts to demonstrate an Applicant is confined and claims that he has suffered a collateral consequence as a result of his conviction. *See* Tex. Code Crim. Proc. Art 11.07, §3(c), *Ex Parte Graves*, 70 S.W.3d 103, 109 (Tex. Crim. App. 2002), *See Ex Parte Harrington*, 310 S.W. 3d 457 (Tex. Crim. Ap.. 2010).

The text of Art 11.07 §3(c) reads as follows :

[I]t shall be the duty of the convicting court to decide whether there are controverted, previously unresolved facts material to the legality of the applicants confinement. Confinement means confinement for any offense or any collateral consequence resulting from the conviction that is the basis of the instant habeas corpus.

Reading the statute on its face, there is no requirement for jurisdictional purposes that the relief requested would relieve the collateral consequences. Based on case law and there is no requirement that the relief requested would ease the Applicant's suffering from the collateral consequences. Therefore, the Court here should inquire as to whether the Tarrant County conviction, which used the 1999 New Mexico conviction, affected the Hood County sentence; thus causing Appellant to suffer a collateral consequence.

Here, the Tarrant County conviction was enhanced by the 1999 New Mexico conviction. As stated, under section 22.01 of the Texas Penal Code, it was improper to enhance the Tarrant County Assault –Family Violence, Class A misdemeanor to a third degree felony assault family violence—with prior conviction. Subsequent to this improper enhancement, this Tarrant County conviction was used to enhance Applicant's conviction in Hood County; thus, Applicant is facing a collateral consequence.

II. APPLICANT'S APPLICATION SHOULD BE GRANTED BECAUSE UNDER THE LAWS OF THE STATE OF TEXAS, SPECIFICALLY, SECTION 22.01(b)(2)(A) OF THE TEXAS CODE OF CRIMINAL PROCEDURE, APPELLANT'S SENTENCE IS ILLEGAL; THUS, APPLICANT IS SUFFERING A COLLATERAL CONSEQUENCE.

Section 22.01(b)(2) of the Texas Penal code states an assault—family violence:

> is a class A misdemeanor , except that the offense is a felony of the third degree if the offense is committed against:
>
>> (2) a member of the defendant's family or household, if it is shown on the trial of the offense that the defendant has been previously convicted of an offense against a member of the defendant's family or household *under this section*.

Tex. Penal Code § 22.01(b)(2) (West 2001) (emphasis added).

A prior 1999 New Mexico conviction for assault family violence was used to enhance applicant's Tarrant County conviction. Unless a statute is ambiguous or

10

plain meaning would lead to a result clearly not intended by the legislature, courts utilize the plain meaning of text. *See Faulk v. State*, 608 S.W.2d 625, 630 (Tex. Crim. App. 1980), *Boykin v. State,* 818 S.W.2d 782, 785-86 (Tex. Crim. App. 1991), *Chiarini v. State,* 442 S.W.3d 318, 320 (Tex. Crim. App. 2014).

Only if the plain meaning of language would lead to absurd results should a court stray from the plain meaning of the language. The term "under this section" on its face is referring to the law of Texas under the specific statute which speaks. *See* Mitchell *v. State,* 821 S.W.2d 420, 420 (Tex. App.—Austin 1991, pet ref'd). Here, Applicant's prior New Mexico conviction was improperly used to enhance his Tarrant County conviction from a Class A misdemeanor to a third degree felony; thus , Appellants confinement is illegal.

In *Ex Parte Parrott*, 396 S.W.3d 531 (Tex. Crim. App. 2013), the Court addressed the issue of whether the Applicant properly raised an illegal-sentence claim based on the State's improper use of a prior conviction for enhancement purposes. *Ex Parte Parrott*, 396 S.W.3d 531 (Tex. Crim. App. 2013). This is a recognized claim in a writ of habeas corpus. *Id.* at 533. A sentence outside a legal range of punishment is an illegal sentence. *Id.* Here, Applicant did not have any prior assault convictions from the State of Texas aside from the 1999 New Mexico conviction. Thus, he would have been charged with a Class A Misdemeanor offense with a range of punishment up to one year in the county jail. Here,

11

Applicant was sentenced to 3 years in TDCJ, which is a sentence outside the legal range of punishment. Thus, Applicant's application should be granted and conviction vacated.

ISSUE TWO: WHETHER COUNSEL WAS INEFFECTIVE IN FAILING TO OBJECT TO THE NEW MEXICO CONVICTION?

I.     COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE NEW MEXICO CONVICTION.

A claim to ineffective assistance of counsel should be analyzed under the two-prong analysis under *Strickland v. Washington. See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.ed.2d 674 (1984). The issue is whether: 1) counsel's representation fell below an objective standard of representation and 2) whether this performance was so deficient it deprived Applicant of a right to fair trial (essentially that there is reasonable probability that but for counsel's inadequate representation the results of the case would be different). *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.ed.2d 674 (1984).

Although neither this Court nor the Second Court of Appeals adopted the holding in *Mitchell v. State,* through diligent research of case law counsel would have discovered there was supporting case law to support a motion to quash indictment. The court in *Mitchell v. State*, held that a DWI statute with similar language "under the laws of this section" excluded the use of out-of-state

12

convictions for enhancement purposes. *Mitchell v. State*, 821 S.W.2d 420, 422 (Tex. App. –Austin 1992).

On page 3 of the affidavit submitted by the Honorable Jeffery D. Gooch, he states that filing a motion to set aside the indictment would be frivolous. Yet , counsel failed to properly investigate the issues stated herein; thus, subjecting Applicant to an illegal range of punishment for a third degree felony instead of a Class A misdemeanor.

Although counsel will not be found ineffective where the error is predicated upon unsettled law, one can hardly argue that the textual language of the assault family violence statute is complex or confusing. As stated earlier, the text of Section 22.01 (assault family violence statute), states "under this section." The text of this language is neither confusing nor ambiguous nor complex to cause confusion, especially for counsel who had been practicing for seven years and worked on quite a few criminal cases. *See* Affidavit of the Honorable Jeffery D. Gooch, page 3. Trial counsel's representation fellow below objective standards of reasonableness. Due to trial counsel's failure to properly investigate the law, Applicant was subjected to confinement in a state prison for a Class A misdemeanor offense with a range of punishment up to a year in the county jail. Applicant's claim for ineffective assistance of counsel should be granted.

**CONCLUSION AND PRAYER**

Based upon the foregoing, Applicant prays that this Court find:

1.  THE COURT SHOULD ANSWER THE ISSUE OF WHETHER APPLICANT IS SUFFERING A COLLATERAL CONSEQUENCE PRIOR TO ANALZYING THE MERITS OF APPLICANT'S CLAIM BECAUSE THIS ISSUE IS A JURISDICTIONAL MATTER.

2.  APPLICANT IS SUFFERING A COLLATERAL CONSEQUENCE BECAUSE HIS HOOD COUNTY CONVICITION WAS ENHANCED BY THE TARRANT COUNTY CONVICTION WHICH IS ILLEGAL AND VACATE APPLICANT'S CONVICTION.

3.  TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE NEW MEXICO CONVICTION AND THIS CLAIM BE GRANTED.

14

Respectfully submitted,

Stickels & Associates, P.C.
P. O. Box 121431
Arlington, Texas 76012
Phone: (817) 479-9282
Fax: (817) 622-8071


By: /S/ John W. Stickels
John W. Stickels
State Bar No. 19225300
Attorney for Derrick Keith Cooke

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this Brief has been served on the office of the Attorney for the State, on the 29th day of May, 2015.

/S/ John W. Stickels
John W. Stickels

**CERTIFICATE OF COMPLIANCE**

1.    This brief complies with the type-volume limitation of Tex. R. App. P. 9.4(i)(2) because it contains 2,589 words, excluding the parts of the brief exempted by Tex. R. App. P. 9(4)(i)(1).

2.    This brief complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in proportional spaced typeface using Microsoft Word software in Times New Roman 14-Point text and Times New Roman 12-point font in footnotes.

/S/ John W. Stickels
John W. Stickels